IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ROGER SINGLETARY** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. RWT 16-cv-1434 |
| **SPECIALIZED LOAN SERVICING, LLC,** | * | |
| *Defendant*. | * | |

## ORDER

On April 7, 2016, Plaintiff, proceeding *pro se*, filed a Complaint in the Circuit Court for Prince George's County, Maryland, alleging breach of contract, violation of the Maryland Consumer Protection Act ("MCPA"), unjust enrichment, negligence, and misrepresentation arising from an alleged mortgage loan modification. ECF No. 2. He requested, *inter alia*, that the court issue an order preventing Defendant from proceeding with a state foreclosure sale of his residence and ordering Defendant to reinstate his mortgage loan. *Id.* On May 12, 2016, Defendant removed to this Court, ECF No. 1, and on May 17, 2016, it filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction, ECF No. 9. The Clerk of this Court mailed notice of the Motion to Dismiss to Plaintiff on May 18, 2016, but the mail was returned as undeliverable. ECF Nos. 10-12. Plaintiff has not filed any response in opposition to Defendant's Motion to Dismiss, and has not fulfilled his obligation to notify the Clerk of any change of address. *See* Local Rule 102(1)(b)(ii).

In support of its Motion, Defendant first asserts that under the Anti-Injunction Act, 28 U.S.C. § 2283, and the "prior exclusive jurisdiction" doctrine, this Court does not have jurisdiction to enter an order enjoining state court foreclosure proceedings. ECF No. 9 at 4-5.

Second, it asserts that the parties did not enter into a contract relating to the alleged loan modification, so the breach of contract claim must fail. *Id.* at 4-5. Third, Defendant argues that Plaintiff did not plead his MCPA or fraud claims with particularity with regard to any of the elements. *Id.* at 7, 10. Fourth, it argues that Plaintiff did not sufficiently plead an unjust enrichment claim because he did not allege that SLS received any improper benefit at the origination of the loan. *Id.* at 8. Last, it claims that Plaintiff failed to plead a negligence claim because he did not plead the elements of duty or damages. *Id.* at 9-10.

Having considered Defendant's Motion to Dismiss, and noting that Plaintiff has failed to file any response in opposition, and the Court concluding that the Motion should be granted for the reasons stated therein, it is, this 7th day of November, 2016, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion to Dismiss [ECF No. 9] is hereby **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's Complaint [ECF No. 2] is hereby **DISMISSED**; and it is further

**ORDERED**¸ that the Clerk of this Court is hereby directed to enter judgment for costs in favor of the Defendant and to **CLOSE** this case; and it is further

**ORDERED**, that the Clerk of this Court **SHALL SEND** a copy of this Order to Plaintiff.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE